[Docket Nos. 1, 9]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IVAN D. FOSTER,<br><br>                Plaintiff,<br><br>    v.<br><br>HOLIDAY HOSPITALITY FRANCHISING, LLC AND SIX CONTINENTS HOTELS, INC., *et al.*,<br><br>                Defendants. | Civil A. No. 24-10031<br>(RMB-MJS)<br><br>OPINION |

**RENÉE MARIE BUMB, Chief United States District Judge:**

**THIS MATTER** comes before the Court upon the filing of a Complaint and application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff Ivan D. Foster. [Compl. (Docket No. 1); IFP (Docket No. 1-2.] Plaintiff's IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted. 28 U.S.C. § 1915. Plaintiff has also filed a motion for recusal pursuant to 28 U.S.C. § 455 [Docket No. 9]. For the reasons explained herein, upon screening, Plaintiff's Complaint will be dismissed without prejudice. His motion for recusal will be denied.

**I.    SCREENING FOR DISMISSAL**

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that: (1) are

frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). And while "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Iqbal*, 556 U.S. at 678.

## II. SUBJECT MATTER JURISDICTION

The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, and the Court "always has jurisdiction to determine its [own]

jurisdiction." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). "A federal court has subject matter jurisdiction over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.*, 424 F. App'x 82, 83 (3d Cir. 2011) (citing 28 U.S.C. §§ 1331, 1332(a)).

In the Complaint, Plaintiff contends that this Court has jurisdiction over his claims based upon diversity of citizenship. [Compl. at 7.] Critically, under 28 U.S.C. § 1332, there must be *complete* diversity of citizenship among the parties, meaning each plaintiff is domiciled in a different state than each defendant, and the amount in controversy exceeds $75,000. The citizenship of each party must be specifically alleged. *Martin v. Aurora Fin. Grp., Inc.*, 2024 WL 1485461, at *3 (D.N.J. Apr. 5, 2024) (citing *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006)). Complete diversity, however, does not exist here. Plaintiff is alleged to be a citizen of New Jersey, as are Defendants SSN Voorhees d/b/a Holiday Inn Express ("HIE") and Catholic Charities Diocese of Camden, NJ ("CCDC"). [Compl. at 6–7.] As complete diversity of citizenship is lacking, the Court does not have subject matter jurisdiction over this litigation based upon diversity of citizenship.

Plaintiff also asserts that the Court has federal question jurisdiction over the claims asserted. "Federal question jurisdiction exists only if a federal question is presented on the face of the complaint." *Rockefeller v. Comcast Corp.*, 424 F. App'x at 83

3

(citing *Club Comanche, Inc. v. Gov't of V.I.*, 278 F.3d 250, 259 (3d Cir. 2002)). Plaintiff purports to set forth violations of federal statutes prohibiting racial discrimination in Counts IV and V of the Complaint, as well as a violation of the Americans with Disabilities Act in Count VI. At this stage, the Court is satisfied as to its subject matter jurisdiction based upon federal question jurisdiction only.

### III.  DISCUSSION

#### A.  The Complaint

As pled in his *pro se* Complaint, Plaintiff's claims stem from his allegedly unlawful eviction from his residence at a Holiday Inn Express, operated by Defendant Holiday Hospitality Franchising, LLC and related entities (the "HIE Defendants"), through a federal veterans' social service housing program and paid for by Defendant CCDC. He alleges that the HIE Defendants and Defendant CCDC, as well as their representatives, conspired to wrongfully evict him despite rental payments made on his behalf by CCDC. Plaintiff claims that this resulted in homelessness, emotional distress, physical suffering, and exacerbation of his many medical conditions, including post-traumatic stress disorder, depression, anxiety, and Bell's palsy.

Plaintiff contends that Defendants engaged in this conspiracy "because he is a Black African American Man who decided to go against the desires of white individuals like" the general manager at HIE and the CCDC program director, who Plaintiff claims "were offended that a Black African American Male did not do what they said." [Compl. at 5.] He also alleges that the HIE Defendants did not permit him to enter into a written lease agreement during his tenancy "because he is Black."

4

[Compl. at 8.] It is unclear upon what Plaintiff bases his accusations of racial bias. Plaintiff also alleges that while moving out of the Holiday Inn Express, he was not permitted to use luggage carriers regularly found on the premises and that he was forced to carry his belongings out of the property without assistance despite having a herniated disc in his back. [Compl. at 6.]

Based upon these allegations, Plaintiff asserts claims under 42 U.S.C. § 1981(a); 42 U.S.C. § 1985(3); and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 10210, *et seq.*; as well as common law state claims for intentional infliction of emotional distress ("IIED") and malicious abuse of process. If the Court dismisses Plaintiff's federal law claims, it intends to decline supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C § 1367(c)(3) (district "may decline to exercise supplemental jurisdiction" over state law claims if the court "has dismissed all claims over which it has original jurisdiction.").

### B.   Plaintiff's Federal Law Claims

#### 1.   Section 1981(a)

Section 1981 "prohibits racial discrimination in the making and enforcement of contracts[.]" *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (quoting 42 U.S.C. § 1981(a)). To prevail on a Section 1981 claim, Plaintiff must allege: (1) that he "belongs to a racial minority; (2) an intent to discriminate on the basis of race by [Defendants]; and (3) discrimination concerning one or more of the activities enumerated in § 1981[,]" like making and enforcing contracts. *Est. of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010) (quoting *Pryor v. Nat'l Collegiate*

5

*Athletic Ass'n.*, 288 F.3d 548, 569 (3d Cir. 2002)). Plaintiff must allege that Defendants intentionally discriminated against him. *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) (Section 1981 "can be violated only by purposeful discrimination"). He must also allege "that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

Here, Plaintiff baldly claims that Defendants unlawfully evicted him and refused to enter into a lease agreement with him because of his race. He does not allege the basis for his belief that racial discrimination was at the core of Defendants' actions. The Complaint contains no more than threadbare conclusions. As Plaintiff's allegations regarding racial discrimination "are no more than conclusions, [they] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679; *see also Smart v. Winslow*, 2015 WL 5455643, at *3 (D.N.J. Sept. 16, 2015) (dismissing complaint upon screening where plaintiff "has not alleged any *facts* in support of his claim and [defendant's] conduct was motivated by racial discrimination.") (emphasis in original). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Plaintiff has failed to do so. Accordingly, his Section 1981 claim must be dismissed.

2. **Section 1985(3)**

Plaintiff claims that the Defendants conspired to "deprive the plaintiff of his US Constitutional right to a fair and impartial grievance review mandated by the US Department of Veterans Affairs." [Compl. at 19.] He claims this was done so that the

6

HIE Defendants could evict him from his residence. [Compl. at 19.] He further claims that the Defendants engaged in this conspiracy "willfully and maliciously due to the plaintiff being African American and his status/class as a Homeless US Veteran." [Compl. at 19–20.]

Section 1985 is a conspiracy statute. It "provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979). To prove that defendants engaged in a conspiracy in violation of Section 1985, a plaintiff must establish (1) a conspiracy involving two or more persons; (3) that one or more of the conspirators performed or caused to be performed an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff in their person or property, or deprived the plaintiff of any right or privilege of a citizen of the United States. *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 162 (3d Cir. 2001) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102–103 (1971)). The plaintiff must also allege that the conspiracy was motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 102. Section 1985(3) provides for causes of action against both state and private actors. *Novotny*, 442 U.S. at 371–72; *Barnes*, 252 F.3d at 162.

Plaintiff, however, provides no more than conclusory allegations as to the formation of the purported conspiracy between the Defendants. And, as stated previously, Plaintiff sets forth no well pled factual allegations regarding Defendants' alleged discriminatory animus. Such conclusory and formulaic allegations are insufficient to state a Section 1985(3) claim. *Twombly*, 550 U.S. at 555; *see also Alford*

7

*v. Plumeri*, 2024 WL 2933194, at *8 (D.N.J. June 11, 2024) (dismissing Section 1985 claim where plaintiff "has not alleged the elements of such a claim in a non-conclusory manner."); *Baldwin v. Brown*, 2019 WL 1589968, at *11 (D.N.J. Apr. 12, 2019) (dismissing Section 1985 claims as conclusory where complaint failed to adequately allege agreement by defendants to violate plaintiff's rights or facts suggesting discriminatory motive).

### 3. Americans with Disabilities Act

Plaintiff attempts to state a claim under the ADA, alleging that the HIE general manager violated his rights by "hiding all of the normal luggage carriers that hotel residents use to carry luggage," forcing Plaintiff to carry his belongings without assistance down four flights of stairs despite knowing that Plaintiff had a herniated disc in his back. [Compl. at 6.] Plaintiff avers that he requested "a reasonable accommodation for something to carry the items in," but that the general manager merely provided a small laundry cart to use. [Compl. at 6.] The general manager then called the police to remove Plaintiff from the premises. [Compl. at 20.] Plaintiff claims that the general manager aimed to make the eviction process more difficult for Plaintiff and to cause Plaintiff "physical injuries." [Compl. at 21.]

Plaintiff does not state which title or section of the ADA he believes Defendants have violated. "The ADA is divided into three titles of regulation—Title I (employers), Title II (governments), and Title III (public accommodations)." *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 176 (3d Cir. 2019). Title III of the ADA prohibits discrimination "on the basis of disability" by "any person who owns, leases (or leases

8

to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "Title III, specifically, 'prohibits public accommodations from imposing eligibility criteria that tend to preclude those with a disability from enjoying the public accommodation's good or service.'" *Zangara v. Nat'l Bd. of Med. Examiners*, 2025 WL 1218188, at *4 (3d Cir. Apr. 28, 2025) (quoting *Campbell v. University City Dev. Partners, Ltd.*, 72 F.4th 1245, 1251 (11th Cir. 2023)). It is "targeted at accommodations like elevators, ramps and public transportation services provided by private entities." *Wright v. Loftus*, 2009 WL 4051244, at *5 (M.D. Pa. Nov. 20, 2009). The Holiday Inn Express, as a hotel or other place of lodging, is a place of public accommodation within the meaning of the ADA. 42 U.S.C. § 12181(7)(A).

Liberally construing Plaintiff's allegations, as this Court must, the HIE Defendants' failure to provide him with luggage carts or other assistance in carrying his personal belongings, as it allegedly routinely does for other guests and residents, could fall within the prohibitions of Title III. Plaintiff's claim, however, still fails.

First, Title III permits only injunctive relief, not money damages. *Abadi v. Marina Dist. Dev. Co., LLC*, 2024 WL 3984032, at *2 (3d Cir. Aug. 29, 2024); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages."). So, to the extent that Plaintiff seeks monetary damages for a violation of Title III of the ADA, his claims are dismissed with prejudice.

Second, it is well established that a "Title III plaintiff 'lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer

9

future discrimination by the defendant.'" *Id.* (quoting *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 561 (3d Cir. 2002)). Plaintiff alleges only one instance of possible disability discrimination against any of the Defendants. And this alleged discrimination took place at the time of his departure from the Holiday Inn Express. He has not alleged that he intends to resume residence at or even visit the premises in the future. He has alleged absolutely no facts, even when liberally construed, that could "give rise to an inference that he will suffer future [disability] discrimination" by any of the Defendants. Therefore, based on the allegations in his Complaint, Plaintiff has not established that he has standing to seek injunctive relief under Title III of the ADA. This claim too will be dismissed.

### C.   Plaintiff's State Law Claims

In addition to his federal law claims, Plaintiff asserts state law claims for IIED and malicious abuse of process. The Court has determined that it lacks diversity jurisdiction over this matter. Thus, with no other properly pled federal claims appearing on the face of Plaintiff's Complaint and no other basis for this Court's original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claims at this time. 28 U.S.C. § 1367(c)(3). The Court finds no extraordinary circumstances warranting an exercise of supplemental jurisdiction over those claims. *Hedges v. Musco*, 204 F.3d 109, 123–24 (3d Cir. 2000) (affirming district court's decision not to exercise supplemental jurisdiction over state law claim after all federal claims were dismissed and noting that district court "must decline to decide [] pendent state claims unless considerations of judicial economy, convenience, and fairness to the

parties provide an affirmative justification for doing so."). Plaintiff is free to bring such claims in state court, although this Court makes no finding as to the merits or procedural posture of such claims.

### D.  Plaintiff's Motion for Recusal

Plaintiff seeks this Court's recusal from his case under 28 U.S.C. § 455 "due to the appearance of bias or partiality." [Docket No. 9 at 1.] Plaintiff cites the undersigned's alleged religious affiliation and alleged involvement in local charity work, "which may involve [Defendant] Catholic Charities or other entities linked to the defendant." [*Id.*]

Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate [judge] of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b) provides that such judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is required "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his or her interest or bias in a case. *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 860 (1988); *In re Kensington Intern. Ltd.,* 368 F.3d 289, 301 (3d Cir. 2004). In making this determination, courts must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan,* 49 F.3d 152, 156 (5th Cir. 1995). "A recusal motion must be based on objective facts, not mere possibilities and

11

unsubstantiated allegations." *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (cleaned up). Additionally, it should be noted that, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum,* 409 U.S. 824, 837 (1972).

Plaintiff has only identified "mere possibilities and unsubstantiated allegations" to support his accusations of bias, rather than "objective facts" as required. *See Jacobs*, 311 F. App'x at 537; *see also In re Piskanin*, 407 F. App'x 607, 607–08 (3d Cir. 2011) (unsupported allegations of the judge's political bias against plaintiff did not warrant disqualification); *In re Huertas*, 274 F. App'x 118, 121–22 (3d Cir. 2008) (unsupported allegations of racial bias and speculative accusations of affiliation with defendant did not support judge's recusal). Thus, the Court finds the allegations of bias in favor of Defendant CCDC and against Plaintiff to be unfounded. The record simply does not support a finding of an extrajudicial factor causing impartiality or any degree of favoritism or antagonism on the part of this Court, so as to make fair judgment in this proceeding unlikely, let alone impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). To the contrary, this Court's careful parsing of Plaintiff's claims and this Court's guidance provided herein have given Plaintiff a full and fair opportunity to litigate his claims. *See Fontanez v. Lopez*, 2012 WL 693786, at *4 (D.N.J. Mar. 1, 2012). Accordingly, the motion for recusal will be denied.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's IFP application is **GRANTED**. Upon screening, however, Plaintiff's Complaint is **DISMISSED WITHOUT**

**PREJUDICE** for failure to state a claim.  Plaintiff may amend his pleadings to remedy the deficiencies identified herein within thirty (30) days.  Should he fail to timely do so, this matter will be deemed dismissed with prejudice.  Plaintiff's motion for recusal is **DENIED**.  An appropriate Order shall issue on this date.

Dated: August 8, 2025                                         s/Renée Marie Bumb
                                                              RENÉE MARIE BUMB
                                                              Chief United States District Judge